UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STUART FLOM, *et al.*,

                    Plaintiffs,

            v.                                          Case No. 18-C-1133

OUTAGAMIE COUNTY, *et al.*,

                    Defendants.

## SCREENING ORDER

Plaintiffs Stuart Flom, April Flom, Rachel Flom, Rebecca Flom, and RJF, a minor, filed a complaint in this action on July 23, 2018, alleging that the defendants violated their civil rights. ECF No. 1. The plaintiffs are representing themselves, and all five of them have signed the complaint. As defendants, the complaint names Outagamie County, the county's Department of Health and Human Services (HHS), and the Probation and Parole division within the Wisconsin Department of Corrections (DOC). The complaint seeks damages from the county and those entities for their alleged roles in the removal of Rachel, Rebecca, and RJF from the custody of their parents Stuart and April during 2012 and 2013. The plaintiffs also seek to proceed *in forma pauperis*. ECF No. 2. The Court has reviewed the affidavit submitted in support of the motion and concludes that the plaintiffs lack sufficient income and/or assets to pay the filing fee. Their motion to proceed *in forma pauperis* will therefore be granted.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important

function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. In screening a complaint, the court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Earlier this year, the plaintiffs filed an action in this court against Outagamie County, the County's HHS Department named in this suit, the DOC's Probation and Parole division named in this suit, additional county departments, and several individuals. *Flom v. Outagamie Cty.*, No. 18-C-261 (E.D. Wis.). That case involved the same custody dispute at issue in this case, and the court initially dismissed the plaintiffs' complaint for failure to state a claim but granted them leave to amend. Screening Order, *Flom*, No. 18-C-261 (E.D. Wis. Mar. 12, 2018), ECF No. 4. After the plaintiffs filed an amended complaint, the court once again dismissed it for failing to state a claim. Decision & Order Screening Am. Compl., *Flom*, No. 18-C-261 (E.D. Wis. Apr. 20, 2018), ECF No. 6.

With regard to Outagamie County and the other entities, the order dismissing the amended complaint observed that, under *Monell v. Department of Social Services of the City of New York*, a municipality may be liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. 658, 694 (1978). Because the amended complaint did not identify any policy that allegedly caused the asserted constitutional deprivations by Outagamie County or the other entities, the court concluded that the amended complaint failed to state a claim against those defendants. Order Screening Am. Compl. at 6.

Here, the complaint against Outagamie County, its HHS Department, and the DOC's Probation and Parole division cures none of the defects that afflicted the plaintiffs' earlier complaints.

3

The complaint alleges that the children were removed from the custody of Stuart and April by CPS, apparently a division of the county's HHS Department, in 2012 without a warrant and based on unproven allegations of abuse and neglect. Subsequently, the complaint alleges, CPS and the DOC's Probation and Parole division worked together to keep the family separate, making false statements to the children, failing to abide by an August 2012 contract meant to result in family reunification, and arresting the parents on the day they were supposed to be reunited with the children in February 2013. Ultimately, the family was reunited by order of Judge Gage in April 2013.

Once again, nothing about these allegations suggests that the claimed constitutional deprivations occurred as a result of a policy maintained by the County or its HHS Department. Under *Monell*, a claim may arise

> (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with "final decision policymaking authority."

*Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)). Although the complaint alleges that various unnamed, individual actors improperly separated the family and prolonged the separation, the complaint does not in any way allege that a county-wide or department-wide policy caused the alleged deprivations. Furthermore, to the extent that the plaintiffs seek to bring a federal claim against the Wisconsin DOC for the actions of its Probation and Parole division, the Eleventh Amendment prohibits this court from exercising subject matter jurisdiction over a claim for monetary damages against a state agency. *See Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin*, 603 F.3d 365, 370 (7th Cir. 2010). Consequently, the complaint will be dismissed.

**IT IS THEREFORE ORDERED** that the motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** and the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.  The Clerk is directed to enter judgment accordingly.

Dated this 1st day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
